UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                               CASE NO. 8:25-cr-43-KKM-TGW

JERRY GONGORA ARIAS

## GOVERNMENT'S SENTENCING MEMORANDUM

The Court should sentence the defendant, Jerry Gongora Arias, to a sentence of 188 months' imprisonment. Because of his prior conviction for the same conduct, Arias faces a mandatory minimum term of imprisonment of fifteen years (or 180 months). A sentence at the low end of the guidelines is appropriate here and would reflect the seriousness of the defendant's offense and his criminal history.

## FACTUAL BACKGROUND

The defendant conspired to distribute approximately 2,200 kilograms of cocaine. On or about January 18, 2025, a maritime patrol aircraft ("MPA") spotted a go-fast vessel (GFV) in the Eastern Pacific Ocean, approximately 162 nautical miles west of Manta, Ecuador. The MPA crew could see fuel barrels and packages on the deck of the GFV.

After the MPA spotted the GFV, the nearby United States Coast Guard Cutter Mohawk diverted to intercept the GFV. The Mohawk launched its helicopter to go after the GFV, but this helicopter could not continue its pursuit because of mechanical problems. All the while, though, the Mohawk maintained its view of the

GFV. The Mohawk saw crewmembers onboard the GFV jettison bales of suspected contraband into the sea.

The United States Coast Guard Cutter James was also patrolling nearby with a Coast Guard law enforcement team onboard. While the Mohawk deployed a team to recover the jettisoned bales, the James launched two small boats with Coast Guard boarding teams to intercept the GFV. The boarding team gained positive control of the GFV and found Jerry Gongora Arias and his two codefendants onboard. His codefendant, Castillo Gonzalez introduced himself as the master of the GFV and said that the purpose of the trip was fishing. The boarding team found no fishing gear onboard. They also found no physical flag, registration number, or other indicia of nationality. No mariner made a claim of nationality, so the boarding team treated the vessel as one without nationality and conducted a boarding. When they boarded, the Coast Guard found no bales of suspected contraband onboard the GFV.

The Mohawk's crew recovered 88 bales of contraband. They conducted two narcotics identification kit (NIK) field tests on the recovered bales, and both tests returned positive for cocaine. In total, the bales contained approximately 2,200 kilograms of cocaine.

This voyage emerged as a willful agreement to transport cocaine aboard the GFV between the three codefendants charged here and others. The purpose of this agreement was to smuggle the cocaine through intonational waters and distribute the cocaine to other persons. The defendant knew the packages onboard the GFV

contained five or more kilograms of cocaine and knew that the planned voyage was a drug smuggling venture.

Agents later learned that Arias had previously been convicted of conspiracy to possess with intent to distribute cocaine while onboard a vessel subject to the jurisdiction of the United States. *See* Case No. 8:16-cr-285-VMC-JSS. He pled guilty to that offense and served a 108 month sentence.

## PROCEDURAL BACKGROUND

On February 5, 2025, a grand jury returned a two-count indictment against the defendants. The Government filed a notice of prior conviction under 21 U.S.C. § 851 on or about February 19, 2025. Then, on or about May 22, 2025, the defendant pleaded guilty to Count One of the Indictment before United States Magistrate Judge Thomas G. Wilson. The Court adjudicated the defendant guilty, and the defendant's sentencing is scheduled for December 11, 2025.

Alongside these proceedings, Arias also admitted that he violated the terms of his supervised release imposed after his 2016 conviction. Judge Covington imposed a term of imprisonment of 30 months to run consecutive to whatever sentence the Court imposes here.

## PRESENTENCE INVESTIGATION REPORT

In the final presentence investigation report (PSR), the United States Probation Office has calculated the defendant's applicable guideline range of imprisonment for the underlying offense as 188 months to 235 months' of imprisonment based on a total offense level of 35 and a criminal history category of

II under the United States Sentencing Guidelines. The defendant is also subject to a fifteen year mandatory minimum term of imprisonment. The Government agrees with Probation's conclusions, and understands that the defendant does not have any objections to the PSR.

## SENTENCING RECOMMENDATION

The Government submits that a sentence of 188 months (at the low end of the Guidelines) is appropriate. The defendant chose to participate in a conspiracy to traffic narcotics on the high seas. Despite any personal circumstances that may have driven the defendant to take part in an international drug smuggling conspiracy, this case involves a serious drug trafficking offense and must be treated as such. And not only did the defendant agree to participate in this voyage; the defendant agreed to participate in this voyage *after* being convicted of almost identical conduct in this district. That repeat conduct is troubling. And because of that, a serious sentence is appropriate. But two factors already account for the need for a serious sentence. First, Arias faces a mandatory minimum term of imprisonment of 180 months – far greater than the 108 month sentence he received for his first voyage. And second, his criminal history means that he does not receive several benefits that his first-timer codefendants receive, like zero-point offender relief. While Arias's sentence before did not deter him, the Government remains hopeful that a longer sentence would do so this time. And this lengthy sentence would also promote respect for the law (by showing that repeat conduct faces a higher penalty).

These strong factors balance with factors about Arias's history and characteristics. It appears that Arias continues to suffer from poverty, earning about $9.70 a day. Additionally, Arias immediately cooperated with law enforcement from the moment he came ashore. As reflected in the PSR, Arias made a post-arrest statement where he explained what he was paid, the timeline of the offense, and responsibilities onboard the vessel. That cooperation, along with the defendant's continued cooperation with law enforcement, strikes in favor of a low end (but still substantial) sentence.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov

U.S. v. GONGORA ARIAS　　　　　　Case No. 8:24-cr-43-KKM-TGW

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Michael J. Buchanan*
Michael J. Buchanan
Assistant United States Attorney
Fla. Bar No. 1020224
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Michael.Buchanan2@usdoj.gov